IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | CASE NUMBER 6:12-CR-0077-RC |
| v. | § | |
| | § | |
| | § | |
| | § | |
| JERRY MEYER | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On May 2, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jerry Meyer. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offenses of Count 7: Illegal Transactions with an Access Device, a Class C felony, and Count 11: Unlawful Possession and Use of a Means of Identification, a Class D felony. Count 7 carried a statutory maximum imprisonment term of 15 years and Count 11 carried a statutory maximum imprisonment term of 5 years. The United States Sentencing Guideline range, based on a total offense level of 13 and a criminal history category of VI, was 33 to 41 months. On August 28, 2013, District Judge Leonard Davis sentenced Defendant to 48 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, no gambling, and no new lines of credit. On January 8, 2016, Defendant completed the term of imprisonment and began his term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime, leaving the judicial district without permission of the Court or probation officer, paying a special assessment fee, and paying monthly restitution staring February 1, 2016. In its petition, the government alleges that Defendant violated his conditions of supervised release when he was arrested by the Caddo Parish Sheriff's Department in Louisiana on July 1, 2016 and charged with Identity Theft and Criminal Mischief, and by failing to pay his special assessment fee or monthly restitution.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release when he was arrested by the Caddo Parish Sheriff's Department in Louisiana on July 1, 2016 and charged with Identity Theft and Criminal Mischief, and by failing to pay his special assessment fee or monthly restitution, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade C violation is 8 to 14 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government recommended to the Court a sentence of 12 months and one day with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Jerry Meyer be committed to the custody of the Bureau of Prisons for a term of

imprisonment of 12 months and 1 day with no supervised release to follow. The Court **FURTHER RECOMMENDS** that the place of confinement be Texarkana, Texas to facilitate family visitation.

**So ORDERED and SIGNED this 2nd day of May, 2017.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE